UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT EVANS,

    Plaintiff,

        v.                          CAUSE NO. 3:22-CV-181-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Robert Evans, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. The court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Mr. Evans is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Evans is an inmate at Indiana State Prison. He alleges that in early September 2021, he placed two pieces of outgoing mail addressed to an "M. Wilson" in the prison mailbox. It appears that M. Wilson is an acquaintance of Mr. Evans's

outside the prison. Mr. Evans claims the mail was confiscated and that he received a notice indicating that it would not be mailed because it posed a "threat to the safety and security of the facility." He filed a grievance, and was told that Ms. White, an investigator in the Internal Affairs Department, and another prison employee the complaint identifies only as "Ms. Garrison" determined that the mail could jeopardize the safety and security of the facility because it referenced Mr. Evans "possessing a knife and self-harming." Mr. Evans claims that this is false and that neither piece of mail referenced a knife or self-harm. He says the only thing in the letters that "could possibly be deemed questionable" is that one of them "described sexual activity between Plaintiff and M. Wilson," and the other mentioned that he would be prescribed medication by a doctor when he is released from prison. In his view, there is nothing threatening or inherently dangerous about these statements.

Mr. Evans sues Ms. White and Ms. Garrison. He also sues Warden Ron Neal, who allegedly failed to investigate and remedy the issue after Mr. Evans wrote him a letter in November 2021 complaining about the confiscated mail. He seeks monetary damages and other relief.

Prisoners have an interest protected by the First Amendment in their incoming and outgoing mail. Van den Bosch v. Raemisch, 658 F.3d 778, 785–786 (7th Cir. 2011); *see also* Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999). In determining whether an inmate states a First Amendment claim based on the withholding of his outgoing mail, the court must consider two factors. Koutnik v. Brown, 456 F.3d 777, 784 (7th Cir. 2006). "First, the regulation or practice in question must further an important or

2

substantial governmental interest unrelated to the suppression of expression." *Id.* (citation omitted). Such interests include "security, order, and rehabilitation." *Id.* (citation omitted); *see also* Thornburgh v. Abbott, 490 U.S. 401, 412, 109 S. Ct. 1874, 1881, 104 L. Ed. 2d 459 (1989) (observing that "[d]angerous outgoing correspondence" includes "escape plans, plans relating to ongoing criminal activity, and threats of blackmail or extortion"). Second, the challenged action "must be no greater than is necessary or essential to the protection of that interest." Koutnik v. Brown, 456 F.3d at 784 (citation and internal quotation marks omitted).

Mr. Evans's outgoing mail appears to have been confiscated under a prison rule prohibiting correspondence that threatens the facility's safety or security. This is indisputably an important governmental interest. *Id.* Mr. Evans claims that the stated reason for confiscating his mail—that it made reference to a knife and self-harm—was false. He further claims, and the court must accept as true when screening the comlaint, that the letters didn't contain anything dangerous or otherwise impacting prison security. He acknowledges that one of the letters referred to sexual activity, which could relate to an interest in rehabilitation or security depending on the circumstances. *See* Schroeder v. Drankiewicz, 519 F. App'x 947, 950 (7th Cir. 2013) (affirming summary judgment for prison officials who confiscated prisoner's birthday cards to his daughters, where the plaintiff was imprisoned for a sex offense and was prohibited from having contact with minors as a condition of supervision). But at this stage, the court must construe all inferences in Mr. Evans's favor, and he alleges that the letter made a harmless reference to sexual activity with

3

the recipient, an acquaintance. He claims that the other letter refenced his being prescribed medication after his release, which wouldn't at first blush appear to impact prison security, rehabilitation, or a similar governmental concern. Further factual development might show that prison staff didn't act unreasonably, but Mr. Evans has plausibly alleged that confiscation of the letters went beyond what was necessary to protect a substantial governmental interest. *See* Lashbrook v. Hyatte, 758 F. App'x 539, 542 (7th Cir. 2019) (observing that at the pleading stage, it is difficult to evaluate prison's interests and the viability of alternatives).

It can be discerned from his allegations that it was Ms. Garrison and Ms. White who confiscated the mail or made the decision that it be confiscated. Mr. Evans can proceed against these defendants. Warden Neal's only alleged involvement was that Mr. Evans wrote him a letter complaining about what had happened after the fact. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and a prisoner can't simply "write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign" is unsuccessful. Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). Nor can the Warden be held liable simply because he supervises Ms. Garrison and Ms. White. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018); Burks v. Raemisch, 555 F.3d at 595. Mr. Evans hasn't stated a plausible constitutional claim upon which relief can be granted against Warden Neal.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Ms. Garrison and Ms. White in their personal capacity for monetary damages for confiscating two pieces of his outgoing mail in September 2021 in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ms. Garrison and Ms. White (identified as "I&I Investigator") at the Indiana Department of Correction and to send them a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Ms. Garrison and Ms. White to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 12, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT