```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                    SOUTH BEND DIVISION
```

ROBERT EVANS,

       Plaintiff,

       v.                          CAUSE NO. 3:22-CV-181-RLM-MGG

RON NEAL, et al.,

       Defendants.

## OPINION AND ORDER

Robert Evans, a prisoner without a lawyer, moves for leave to file an amended complaint and submits a proposed amended complaint with the motion. The court grants the motion in the interest of justice.

The court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Mr. Evans is proceeding without counsel, the court must give his allegations liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Evans is an inmate at Indiana State Prison. He was previously granted leave to proceed on a claim against prison employees Britney White and Sharon Garrison for allegedly interfering with his outgoing mail in September 2021. He wants to add new defendants and claims related to more incidents of alleged interference with his mail.

As with his original complaint, he alleges that in early September 2021, he placed two pieces of outgoing mail addressed to an acquaintance named "M. Wilson" in the prison mailbox. He claims the mail was confiscated and that he received a notice indicating that it wouldn't be mailed because it posed a "threat to the safety and security of the facility." He asked about the reason for this action, and was allegedly told that Ms. White and Ms. Garrison, who work in the internal affairs department, determined the mail could jeopardize prison security because it referenced Mr. Evans "possessing a knife and self-harming." Mr. Evans claims this is false and that neither piece of mail referenced a knife or self-harm. He says that the only thing in the letters that "could possibly be deemed questionable" is that one of them "described sexual activity between Plaintiff and M. Wilson," and the other mentioned he would be prescribed medication by a doctor when he is released from prison. In his view, neither statement posed a threat to the security of the facility.

He further claims that in November 2021, he sent a written request to Warden Ron Neal asking him "to investigate and take action about the inappropriate censorship." He claims Warden Neal never responded. He also filed a grievance about the confiscation of his mail with Joshua Wallen, the prison's grievance specialist,

2

which was denied. He claims Mr. Wallen's denial of his grievance "violated [his] Fourteenth Amendment Due Process right to appeal the censorship[.]"

Mr. Evans wrote a letter to his brother in July 2022. He claims Ms. White and Ms. Takacs, another internal affairs investigator, refused to let the letter be sent out because it referenced a "Facebook page plaintiff had prior to his incarceration." According to Mr. Evans, they concluded the communication showed he was "using a social media site," which isn't authorized under prison rules. Mr. Evans claims the communication in no way showed he was currently using a social media site or otherwise jeopardized prison security. He claims he merely told his brother to look at some old pictures that were posted on his Facebook page before his incarceration. He believes Ms. White and Ms. Takacs confiscated the letter "in retaliation for Plaintiff bringing this lawsuit." He filed another grievance about this incident, which Mr. Wallen denied.

A few days later, Ms. White withheld a photograph sent to Mr. Evans by someone he identifies as Jean King. He claims he was told he couldn't have the photograph because it contained a "depiction of drug paraphernalia." He claims this is false and that the photograph was of a "tobacco pipe." He claims prison policy doesn't expressly prohibit the depiction of tobacco or smoking, and that the picture in no way implicated prison security. He claims Ms. White confiscated the picture in retaliation for his having filed this lawsuit against her.

Finally, Mr. Davis claims that on October 3, 2022, unknown correctional staff withheld a photograph of "a woman" sent to him by his brother. He doesn't know why

3

the photograph was confiscated. Mr. Davis asserts that there was no legitimate reason for the photograph to be withheld, and that these unknown individuals were merely retaliating against him for filing this suit. Based on these events, he sues Ms. White, Ms. Garrison, Warden Neal, Mr. Wallen, and Ms. Takacs, as well as "unknown defendants" involved in the October 2022 incident. He seeks monetary damages and other relief.

Prisoners have an interest protected by the First Amendment in their incoming and outgoing mail. Van den Bosch v. Raemisch, 658 F.3d 778, 785–786 (7th Cir. 2011); *see also* Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999). A court must consider two factors when deciding whether an inmate states a First Amendment claim based on the withholding of his mail. Koutnik v. Brown, 456 F.3d 777, 784 (7th Cir. 2006). "First, the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression." *Id.* (citation omitted). Such interests include "security, order, and rehabilitation." *Id.* (citation omitted); *see also* Thornburgh v. Abbott, 490 U.S. 401, 412 (1989) (observing that "[d]angerous outgoing correspondence" includes "escape plans, plans relating to ongoing criminal activity, and threats of blackmail or extortion"). Second, the challenged action "must be no greater than is necessary or essential to the protection of that interest." Koutnik v. Brown, 456 F.3d at 784 (citation and internal quotation marks omitted).

Giving Mr. Evans the inferences to which he is entitled at this stage, he has plausibly alleged a denial of his First Amendment rights in connection with the mail

withheld in September 2020, November 2021, and July 2022. It appears from the complaint that the mail in question was confiscated pursuant to a prison rule prohibiting correspondence that threatens prison security, which is indisputably an important governmental interest. Mr. Evans claims that in each instance the stated reason for confiscating his mail was false. He further claims, and the court must accept as true at this stage, that the mail didn't contain anything that was dangerous or otherwise negatively impacting prison security. Further factual development might show that Ms. Garrison, Ms. White, and Ms. Takacs didn't act unreasonably, but Mr. Evans has plausibly alleged that the confiscation of his mail went beyond what was necessary to protect a substantial governmental interest. *See* Lashbrook v. Hyatte, 758 F. App'x 539, 542 (7th Cir. 2019) (observing that at the pleading stage, it is difficult to evaluate the prison's interests and the viability of alternatives).

Mr. Evans also asserts First Amendment retaliation claims. To do so, he must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." Manuel v. Nalley, 966 F.3d 678, 680 (7th Cir. 2020).

Filing a lawsuit or grievance qualifies as "protected activity" for purposes of a First Amendment claim. Gomez v. Randle, 680 F.3d at 866. On the second prong,

5

having one's mail confiscated for no reason on more than one occasion could "dissuade a reasonable person from engaging in future First Amendment activity." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015). On the third prong, Mr. Evans points out that Ms. White and Ms. Garrison were served with the complaint in this case only a few weeks before the July incidents. He alleges, and the court must accept as true, that they were motivated by a desire to punish him for filing this lawsuit. The court will allow Mr. Evans to proceed on a First Amendment retaliation claim against Ms. White and Ms. Takacs.[1]

Warden Neal's only involvement as alleged in the amended complaint was that Mr. Evans wrote him a letter complaining about what happened after the September 2021 incident. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and a defendant "cannot be hit with damages under §1983 for not being ombudsmen." Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). In other words, a prisoner cannot simply "write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign" is unsuccessful. *Id.* The Warden can't be held liable for damages merely because Mr. Evans notified him after-the-fact that a piece of his mail had been confiscated. Nor can the Warden be held liable simply because he supervises the employees involved in confiscating Mr. Evans' mail.

---

[1] Ms. Takacs wasn't an original defendant, but the amended complaint can be read to allege that she was retaliating against him for actions taken against her coworkers in the internal affairs department.

6

Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018); Burks v. Raemisch, 555 F.3d at 595. This defendant will be dismissed.

As to Mr. Wallen, the grievance specialist, his only involvement as alleged in the amended complaint was to deny Mr. Evans' grievances about the withholding of his mail. This doesn't give rise to a cognizable constitutional claim. Daniel v. Cook Cty., 833 F.3d 728, 736 (7th Cir. 2016) (the Constitution doesn't require that prisons provide a grievance procedure, and the existence of an internal grievance procedure doesn't create any constitutionally guaranteed rights). He will be dismissed.

Finally, Mr. Evans asserts a claim against the unnamed defendants who allegedly refused to give him a photograph of an unidentified woman sent to him by his brother in October 2022. He claims this act was done in retaliation for him having filed this lawsuit. It can't be plausibly inferred from his very minimal allegations that these unknown individuals were involved in or even knew about this lawsuit. The timing is also not particularly suspicious given that this suit was filed in March 2022, the defendants were served in June 2022, and the alleged act of retaliation occurred in October 2022. Mr. Evans hasn't stated a plausible First Amendment claim against any unnamed defendants.[2]

For these reasons, the court:

---

[2] Even if Mr. Evans could state a viable claim against these defendants, as a practical matter "John Doe" defendants can't be served with process to bring them into this lawsuit. Such defendants would have to be identified and served within the relevant limitations period. See Rodriguez v. McCloughen, 49 F.4th 1120, 1121 (7th Cir. 2022).

(1) GRANTS the plaintiff's motion to amend (ECF 23) and DIRECTS the clerk to separately docket the proposed amended complaint (ECF 23-1);

(2) GRANTS the plaintiff leave to proceed against Ms. Garrison, Ms. White, and Ms. Takacs in their personal capacity for monetary damages for allegedly confiscating his mail in September 2021, November 2021, and July 2022 without a valid justification;

(3) GRANTS the plaintiff leave to proceed against Ms. White and Ms. Takacs in their personal capacity for monetary damages for allegedly confiscating his mail in July 2022 in retaliation for his having filed this lawsuit;

(4) DISMISSES all other claims;

(5) DISMISSES Warden Ron Neal, Joshua Wallen, and unnamed defendants;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ms. Takacs (identified as "I&I Investigator") at the Indiana Department of Correction and to send her a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(8) ORDERS Ms. Garrison, Ms. White, and Ms. Takacs to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 5, 2022

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT